NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAUREEN HAY, a Washington resident; et al., | No.    17-35818 |
| Plaintiffs-Appellants, | D.C. No. 3:17-cv-05077-RJB |
| v. | MEMORANDUM* |
| AMERICAN SAFETY INDEMNITY COMPANY, a foreign insurer, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
For the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted November 8, 2018**
Seattle, Washington

Before:  McKEOWN and FRIEDLAND, Circuit Judges, and BOLTON,*** District Judge.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Appellants appeal the district court's grant of summary judgment in favor of Appellee American Safety Indemnity Company ("ASIC"). Appellants, all of whom purchased homes in the Valley Haven development located in Fife, Washington, allege that ASIC had a duty to defend homebuilder Highmark Homes, LLC ("Highmark") against a state court action by homeowners (including Appellants) for construction defects.[1] We have jurisdiction under 28 U.S.C. § 1291, and for the reasons that follow, we affirm.

We review de novo the district court's grant of summary judgment, as well as its interpretations of state contract law and of the underlying insurance policy. *Sierra Med. Servs. Alliance v. Kent*, 883 F.3d 1216, 1222 (9th Cir. 2018); *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017).

In Washington,[2] "the duty to defend is different from and broader than the duty to indemnify." *American Best Food, Inc. v. Alea London, Ltd.*, 229 P.3d 693, 696 (Wash. 2010). While the latter applies only to covered liabilities, the former

---

[1] Appellants are suing ASIC under an assignment of rights from Highmark as part of the parties' resolution of the underlying state court matter.

[2] The district court, sitting in diversity, applied state substantive law in this case. *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 (1996). We apply Washington law as we believe the state's high court would have applied it. *Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003). Absent controlling case law from that court, we ascertain how it would rule "using intermediate appellate court decisions, statutes, and decisions from other jurisdictions as interpretive aids." *Id.*

2

extends to all conceivably covered liabilities. *Id.* "The duty to defend arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage." *Id.* (quotation omitted). "Facts that are extrinsic to the pleadings, but readily available to the insurer, may give rise to the duty." *National Sur. Corp. v. Immunex Corp.*, 297 P.3d 688, 691 (Wash. 2013). But this duty is not triggered when it is clear that a claim is not covered. *Id.* Such is the case here.

Highmark took out three ASIC policies during construction. Each includes an exclusion for damage "however caused, arising, directly or indirectly, out of, or related to" an insured or insured subcontractor's operation or work that is "incorporated into a tract housing project or development." And "tract housing" or "tract housing project or development" is defined as "any housing project or development that includes the construction, repair or remodel of twenty-five (25) or more residential buildings by our insured in any or all phases of the project or development."

Appellants argue that the district court erred in concluding ASIC had no duty to defend Highmark. They claim that both the policy's plain language and ASIC's alleged reliance upon extrinsic evidence in denying coverage evince a duty to defend. ASIC maintains that the "tract housing" exclusion unambiguously applies to the 29 Valley Haven homes that Highmark constructed. ASIC adds that

although it did not need to do so before denying coverage, it requested information to confirm that Highmark had in fact constructed more than 25 homes.

Irrespective of ASIC's post-claim investigation, the language of the policy exclusion is unassailable. It defines "tract housing" or "tract housing project or development" as "any housing project or development that includes the construction, repair or remodel of twenty-five (25) or more residential buildings by our insured in any or all phases of the project or development." The state court complaint alleged, and Highmark confirmed, that Highmark had constructed and sold "29 homes located within Valley Haven project development." Neither is susceptible to competing interpretations—at least none that are reasonable. *Cf. Kut Suen Lui v. Essex Ins. Co.*, 375 P.3d 596, 600 (Wash. 2016) ("Language in an insurance contract is ambiguous if it is susceptible to two different but reasonable interpretations."). Highmark constructed more than 25 homes (29) within the same project or development (Valley Haven). The exclusion contains no other pertinent limitations. Nor does this interpretation render the entire policy illusory. *See Quadrant Corp. v. Am. States Ins. Co.*, 110 P.3d 733, 744 (Wash. 2005) (refusing to find policy illusory where exclusions did not effectively nullify coverage). Highmark presumably read, understood, and agreed to its terms. *See Hein v. Family Life Ins. Co.*, 371 P.2d 1001, 1004 (Wash. 1962). We consequently decline to rewrite the exclusion, even if doing so would more nearly suit Appellant's

expectations. *See Lui*, 375 P.3d at 600 ("In Washington the expectations of the insured cannot override the plain language of the contract.") (quotation and modification omitted); *see also American States Ins., Co. v. Delean's Tile & Marble, LLC*, 319 P.3d 38, 43 (Wash. Ct. App. 2013) ("Where the policy's language does not provide coverage, we may not rewrite the policy to do so.").

ASIC's investigation changes little. There is no question that "an insurer may not rely on facts extrinsic to the complaint in order to *deny* its duty to defend where . . . the complaint can be interpreted as triggering the duty to defend." *Truck Ins. Exch. v. Vanport Homes, Inc.*, 58 P.3d 276, 282 (Wash. 2002). Appellants offer no evidence suggesting that the information gleaned in ASIC's investigation actually caused the tender's denial. Conversely, the plain language of the policy and complaint alone suffice to support ASIC's denial. We accordingly conclude that the district court's grant of summary judgment in favor of ASIC was proper.

**AFFIRMED.**